**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re :  Case No. **6:19-bk-06866-KSJ**
Chapter 7

**Daniel V. Narine** and
**Pamela Narine**,
                    Debtors.
_____/

**MOTION FOR ORDER APPROVING SALE OF ESTATE'S**
**INTEREST IN NON-EXEMPT REAL ESTATE IN OSCEOLA COUNTY, FLORIDA**

Trustee, Marie E. Henkel, by and through her undersigned counsel, moves this Court for authority to sell the estate's interest in real property on the following terms :

1. The property to be sold is the estate's interest in non-exempt residential real estate in Osceola County, Florida, said real estate being more particularly described as follows :

> NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the U.S. Bankruptcy Court, 400 W. Washington St., Ste. 5100, Orlando, FL 32801 and serve a copy on Marie E. Henkel, Trustee, 3560 S Magnolia Ave., Orlando, FL 32806; Kristen L. Henkel, Esq., 3560 S. Magnolia Ave., Orlando, FL 32806; U. S. Trustee, 400 W. Washington St., Ste. 1100, Orlando, FL 32801; within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

**Lot 142, OAK HAMMOCK PRESERVE UNIT 1, according to the plat thereof as recorded in Plat Book 15, Page 167 through 173, inclusive, Public Records of Osceola County, Florida.**

**Parcel ID No. R052629-444100011420**
**a/k/a 2250 Oak Hammock Preserve Blvd., Kissimmee, FL 34743**

2. Manner of Sale : The buyer has been procured through the efforts of the estate's realtor, Kavita Hanisha Uttamchandani, of Century 21 Carioti, and BK Global Real Estate Services ("BKRES"). The buyer has made an earnest money deposit in the amount of $5,000.00, and is ready to complete

the purchase for the sales price indicated below, upon approval of the sale by the Court. Trustee proposes to convey whatever interest the Estate has in the property to the Buyer upon approval of this Motion.

3. Terms of Sale :

   a. Buyer :    Naim Shailleh

                  1759 Big Oak Lane
                  Kissimmee, FL 34746

   b. Sales Price : $260,000.00

   c. Appraised Value : The property is appraised by the Osceola County Property Appraiser with a value of $286,800.00. The property was listed on February 22, 2020 and produced multiple offers, the current contract being the highest and best.

   d. Costs of Sale : This is a lender approved short sale and the lender has agreed to pay the following costs associated with transfer of title :

| Description | Amount |
|---|---:|
| Real Estate Commission & Costs | $ 15,600.00 |
| Closing Fee (includes overnight courier & wire fees) | 950.00 |
| Title Search | 100.00 |
| Owner's Title Policy | 1,375.00 |
| Recording Fees | 245.50 |
| Documentary Stamp Tax on Deed | 1,820.00 |
| Bankruptcy Estate Carve Out | 13,000.00 |
| Final Utility Bills | 450.00 * |
| Mortgage Payoff | 219,075.98 * |
| Municipal Lien Search | 400.00 * |
| Prorated 2020 Property Tax | 3,493.35 * |
| Homeowners Association Delinquent Dues & Fees | 2,500.00 |
| Prorated Homeowners Association Dues | 240.17 * |
| Homeowners Association Estoppel Fees | 750.00 |
| Total | $ 260,000.00 |

* estimate

The net proceeds to the estate consist of the carve-out in the amount of $13,000.00. The lender has agreed to accept a minimum payment of $219,075.98 as full payment and satisfaction of their mortgage, and any excess funds resulting from overestimate of closing costs will be applied to the payoff. The short sale approval letter is attached as Exhibit "A." Furthermore, the realtors have agreed to contribute a portion of

their commission to any homeowners association dues and estoppel fees in excess of the lender's approved amounts above. The trustee believes this sale to be of benefit to the estate.

e. Trustee intends to transfer title to the property by trustee's deed, subject to current year's taxes, assessments, zoning, restrictions, and other requirements imposed by governmental authorities, and other matters appearing on the plat or otherwise common to the subdivision, and public utility easements of public record.

f. The estate will provide a trustee's deed to the buyer and certified copies of the Order approving sale, Notice of Commencement of bankruptcy and of the docket, reflecting no objections to the sale, or if any, that said objections were overruled by Court Order. Trustee is unaware of the existence of any liens or encumbrances on the property except as disclosed above. There are no adverse tax consequences of the sale to the estate.

g. The Trustee respectfully requests that this Court: (a) waive the 14-day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents she deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to this sale.

WHEREFORE, Trustee moves this Court to enter an Order authorizing the sale of the property as set forth above and waive the 14-day stay pursuant to Rule 6004(h).

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was furnished by first class United States Mail, postage prepaid, or by electronic delivery, on September 18, 2020, to Daniel V. Narine, 2250 Oak Hammock Preserve Blvd., Kissimmee, FL 34746, and Pamela Narine, 9012 Sutter Ave., Ozone Park, NY 11417, *Debtors;* A Clifton Black, 100 N. John Young Parkway, Ste B, Kissimmee, FL 34741, *Debtors' Attorney*; and to all persons on the mailing matrix, attached to the original of this document, as furnished by the Clerk's office on September 18, 2020.

> */s/ Kristen L. Henkel*
> Kristen L. Henkel, Esq.
> Florida Bar No. 81858
> M. E. Henkel, P.A.
> 3560 South Magnolia Avenue
> Orlando, Florida 32806
> Telephone : (407) 438-6738
> Facsimile : (407) 858-9466
> khenkel@mehenkel.com