ORDERED.

Dated:  October 15, 2020

Karen S. Jennemann
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re :                                                                                          Case No. **6:19-bk-06866-KSJ**
                                                                                                  Chapter 7

**Daniel V. Narine** and
**Pamela Narine**,
                                    Debtors.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SALE OF ESTATE'S INTEREST IN NON-EXEMPT REAL ESTATE IN OSCEOLA COUNTY, FLORIDA**

This case came before the Court on Trustee's Motion for Order Approving Sale of Estate's Interest in Non-Exempt Real Estate in Osceola County, Florida, dated September 18, 2020, (docket no. 42). Said Motion was served on all interested parties and no response has been received by the Court. Therefore, the Court considers the matter to be unopposed and having reviewed the Motion, the file, and being otherwise apprised of the matter, determined that the requested relief is in the best interests of the estate.

Accordingly, it is

**ORDERED** that the Trustee's Motion for Order Approving Sale of Estate's Interest in Non-Exempt Real Estate in Osceola County, Florida, is granted, and the Trustee is authorized to sell the estate's interest in said property, as follows:

1. The property to be sold is more particularly described as :

**Lot 142, OAK HAMMOCK PRESERVE UNIT 1, according to the plat thereof as recorded in Plat Book 15, Page 167 through 173, inclusive, Public Records of Osceola County, Florida.**

**Parcel ID No. R052629-444100011420**
**a/k/a 2250 Oak Hammock Preserve Blvd., Kissimmee, FL 34743**

3. The property shall be sold to the following buyer for the sales price indicated :

|  | Sales Price |
|---|---|
| **Naim Shailleh**<br>1759 Big Oak Lane<br>Kissimmee, FL 34746 | **$ 260,000.00** |

4. The Trustee has represented that no closing costs are to be paid by the Estate and has obtained short sale approval from the mortgage holder who has authorized the following to be paid from the sales price : normal closing costs, realtor fees and costs, sums necessary to satisfy an existing mortgage, prorated 2020 real estate taxes, delinquent homeowners association dues, and bankruptcy estate carve out as described in the Motion.

5. Trustee is authorized to transfer title to the property by Trustee's Deed, conveying the interest of the estate, subject to current taxes, assessments, zoning, restrictions, and other requirements imposed by governmental authorities, restrictions and other matters appearing on the plat or otherwise common to the subdivision, and public utility easements of record.

6. The Estate shall provide to buyer, a certified copy of the Order approving sale, certified copy of Notice of Commencement and certified copy of docket, reflecting no objection to the sale, or if any, that said objections have been overruled by Court Order.

7. The 14-day stay pursuant to Rule 6004(h) is hereby waived.

Attorney Kristen L. Henkel is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.